## CIRCUIT COURT OF ARLINGTON COUNTY

Gary M. Saulnier

v.

Virginia Employment Commission
and Northwest Airlines

April 2, 1998

Case No. (Law) 97-70

BY JUDGE PAUL F. SHERIDAN

This case is before the Court on Mr. Saulnier's Petition for Judicial Review of the Virginia Employment Commission's denial of Mr. Saulnier's unemployment benefits. For the reasons stated below, the Court affirms the decision of the Commission.

*Decision of the Special Examiner*

The decision of the Appeals Examiner disqualifying Mr. Saulnier from receiving unemployment benefits was mailed to him on May 10, 1995, and included a notice that the decision would become final unless it was appealed in writing no later than midnight of May 31, 1996. (See Record at 67.) This twenty-one-day period is provided for by Va. Code § 60.2-620(B), which also states that "for good cause shown the twenty-one-day period may be extended." It was not until October 16, 1996, almost four months after the decision of the Appeals Examiner, that the Commission received Mr. Saulnier's appeal. (See Record at 71.) The Special Examiner dismissed Mr. Saulnier's late appeal on the ground that he did not show good cause to extend the twenty-one-day period; specifically, that he failed to present "uncontrollable circumstances of a compelling and necessitous nature" which prevented him from timely filing his appeal. (See Record at 98.) Thus, the

Commission held that the Appeals Examiner's decision was final and that it had no authority to review it.

## *Petition for Review*

Mr. Saulnier contends that: (i) the Commission has continually shown bias toward his former employer, Northwest Airlines; (ii) the Commission has not allowed him to introduce "several very important documents" from his union and from government agencies; (iii) he sent his appeal of the Appeals Examiner's decision to the Commission on May 20, 1996, but was told that it was never received; and (iv) given the opportunity, he could prove that the allegations of misconduct that led to his dismissal were entirely false.

## *Standard of Review and Opinion of the Court*

The standard of review applicable to this Court is set forth in Va. Code § 60.2-625(A), which provides that "the Commission's findings of facts, if supported by the evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law." The question of law that is before this Court is whether the Commission abused its discretion by denying Mr. Saulnier's late appeal.

The Court finds that the Commission did not abuse its discretion when it found that Mr. Saulnier failed to timely file his appeal and/or show good cause to permit a filing after the twenty-one-day period. It is clear that Mr. Saulnier's October 16, 1996, appeal, which consisted of a five-page, undated letter with attachments, contains no information or assertion that would explain why he was unable to file the appeal in a timely fashion. (See record at 73-76). Because Mr. Saulnier failed to give any reason, let alone a compelling reason, in his October 16th appeal for why it was filed almost four months after the decision of the Appeals Examiner, the Court finds that the dismissal of his appeal was supported by the evidence.

Mr. Saulnier raises for the first time in his Petition for Review an explanation for his failure to file a late appeal — that he in fact mailed it to the Commission ten days after the Appeals Examiner's decision, but it was not until several months later that he learned that the Commission had not received it. Because this explanation was not raised before the Special Commissioner in his October 16, 1996, appeal, it will not be entertained by this Court. Thus, the decision of the Commission is affirmed and the Petition for Judicial Review is dismissed.